IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCISCO MAY, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-4597-D |
| VS. § | |
| § | |
| WELLS FARGO HOME MORTGAGE § | |
| et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Francisco May's ("May's") motion to remand presents the question whether the amount in controversy in this removed lawsuit exceeds the sum or value of $75,000, exclusive of interest and costs. Concluding that it does, the court denies the motion.

I

May owns residential property located in DeSoto, Texas (the "Property"). He purchased the Property in 1987 and executed a deed of trust to secure the home mortgage. The Property is appraised at $83,410, but the remaining balance on the mortgage is only $23,813.29. May filed this lawsuit in Texas county court to prevent defendant Wells Fargo Home Mortgage ("Wells Fargo") from foreclosing on the Property. May alleges that he sought a loan modification from Wells Fargo in order to preserve his residence, and in the process of doing so was told that there was no date of sale for the Property and that it had postponed foreclosure. He later learned, however, that foreclosure had been scheduled for November 6, 2012. May alleges claims for breach of contract and anticipatory breach of

contract, unreasonable collection efforts, negligent misrepresentation, and violations of the Texas Debt Collection Practices Act, Tex. Fin. Code Ann. §§ 392.001-.404 (West 2006). He seeks declaratory relief that he has not breached the deed of trust and that Wells Fargo has no standing or waived its right to foreclose. May also seeks damages, including actual damages, exemplary damages, mental anguish and acute psychic trauma damages, and attorney's fees. Wells Fargo removed the case to this court. May moves to remand.

II

As the removing party, Wells Fargo "has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, LLC*, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). "The federal removal statute, 28 U.S.C. § 1441 (1997), is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "[D]oubts regarding whether removal

jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

III

Both sides agree that the parties in this case are diverse.[1] The only issue is whether the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[2] May argues that the amount in controversy should not include the full value of his residence ($83,410) but instead should be based on the remaining balance of his mortgage, because he is challenging this "singular instance of acceleration and pursuit of foreclosure" and is not attempting to obtain the Property free and clear. Mot. to Remand 3. He maintains that the amount in controversy is less than $75,000 and, as a result, that the court lacks diversity jurisdiction. Wells Fargo responds, first, that the full value of the Property is the proper measure for the amount in controversy, and, second, that using the remaining balance nevertheless satisfies the amount in controversy requirement because May seeks exemplary

---

[1] For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). Diversity of citizenship is not at issue in May's motion to remand.

[2] Because the court concludes that it has diversity jurisdiction, it need not consider Wells Fargo's argument that there is also federal question jurisdiction.

damages, mental anguish damages, and attorney's fees.

The court concludes that it has diversity jurisdiction because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Although May is not attempting to obtain the Property free and clear, he is seeking declaratory judgment relief to prevent foreclosure. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-548 (5th Cir. 1961). The amount in controversy should be considered "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (per curiam)). Accordingly, although Wells Fargo maintains its interest in the Property even if May obtains the relief he requests, the injury May seeks to prevent is the foreclosure of the entire Property, whereby he could be "divested of all right, title, and interest to the Property." *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009). For this reason, it is the value of the Property rather than the amount of May's equity interest that controls. *See, e.g., McDonald v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (Boyle, J.) (rejecting contention that, where plaintiff sought to delay foreclosure, amount in controversy was value to plaintiff of delay); *Stewart v. Bank of Am., N.A.*, 2012 WL 5903801, at *2 (N.D. Tex. Oct. 31, 2012) (Toliver, J.); *Campos v. U.S. Bank Nat'l Ass'n*, 2012 WL 5828619, at *5 (S.D. Tex. Nov. 13, 2012).

May cites in his favor only one case, *Anderson v. JPMorgan Chase, North America*,

2011 WL 6002777 (S.D. Tex. Nov. 30, 2011). In *Anderson* the court held that the amount in controversy should be based on the remaining mortgage balance rather than the fair market value of the property, because the plaintiff did not seek clear title to the property. *Id.* at *1. But *Anderson* is distinguishable because the plaintiff was not attempting to prevent foreclosure that would have divested title.[3] The plaintiff instead asked the court to find that the defendant "ha[d] no right to enforce the mortgage originally placed on Plaintiff's home and property." *Id.* Therefore, in *Anderson* the object of the litigation was the mortgage, not the property itself. Where the property in its entirety is the object of the litigation, as it is here, the amount in controversy is the value of the property.

The court therefore concludes that, because in the absence of the relief May seeks he would lose the entirety of the Property, the amount in controversy is the value of the Property ($83,410), and the court accordingly has diversity jurisdiction.[4]

---

[3]The court does not suggest agreement or disagreement with *Anderson*. But because that case is distinguishable, the court need not address *Anderson* other than to distinguish it.

[4]Because the court concludes that the value of the Property is the proper measure of the amount in controversy, it need not address whether calculating the amount in controversy using the remaining balance of the indebtedness would nevertheless exceed $75,000.

* * *

For the reasons explained, May's motion to remand is denied.

**SO ORDERED.**

February 7, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE