IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRANCISCO MAY,                          §
                                        §
                    Plaintiff,          §
                                        §    Civil Action No. 3:12-CV-4597-D
VS.                                     §
                                        §
WELLS FARGO HOME MORTGAGE,              §
et al.,                                 §
                                        §
                    Defendants.         §

MEMORANDUM OPINION
AND ORDER

This removed lawsuit is brought by Francisco May ("May") and arises from actions

taken in connection with defendant Wells Fargo Home Mortgage's ("Wells Fargo's") attempt

to foreclose on real property. Wells Fargo moves to dismiss under Fed. R. Civ. P. 12(b)(6)

and moves to designate a responsible third party. For the reasons that follow, the court grants

in part and denies in part the motion to dismiss, grants May leave to replead, and denies the

motion to designate a responsible third party.

I

May owns residential property located in DeSoto, Texas (the "Property"). He

purchased the Property in 1987 and executed a deed of trust to secure the home mortgage.

May alleges that in 2012 he sought a loan modification from Wells Fargo in order to preserve

his residence. Wells Fargo allegedly told him that he pre-qualified for a home preservation

review, and that within 30 days it would notify him whether he had been approved. Along

with seeking a loan modification, May asked Wells Fargo about a letter stating that the

Property was set for a foreclosure sale on October 17, 2012.  Wells Fargo allegedly told him that there was no date for the sale of the Property and that it had postponed foreclosure. After multiple persons began inquiring about the Property, however, he discovered that foreclosure had been scheduled for November 6, 2012.  He alleges that he was never provided an opportunity to cure and that Wells Fargo never mailed a notice of foreclosure.

May filed this lawsuit in Texas county court to prevent Wells Fargo from foreclosing on the Property.  After Wells Fargo removed the case to this court, May amended his complaint.  Then, in response to Wells Fargo's motion to dismiss the amended complaint, May filed a second amended complaint, with leave of court.  The second amended complaint alleges claims for breach of contract and anticipatory breach of contract, unreasonable collection efforts, negligent misrepresentation, and violations of the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code Ann. §§ 392.001-.404 (West 2006).  May seeks declaratory relief that he has not breached the deed of trust and that Wells Fargo has no standing or has waived its right to foreclose.  May also seeks damages, including actual damages, exemplary damages, mental anguish and acute psychic trauma damages, and attorney's fees.  Wells Fargo now moves to dismiss under Rule 12(b)(6), and to designate a responsible third party.  May opposes both motions.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] amended complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne,*

*Inc.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). To survive defendant's motion to dismiss under Rule 12(b)(6), May must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

III

The court first addresses Wells Fargo's motion to dismiss.

A

May alleges in his breach of contract claim that Wells Fargo breached the deed of trust—which he asserts incorporates Texas law—in two ways. First, May alleges that Wells Fargo failed to provide him an opportunity to cure his default, as required by Tex. Prop. Code

- 3 -

Ann. § 51.002(d) (West 2007).  Second, May asserts that Wells Fargo failed to mail notice

of foreclosure, as required by Tex. Prop. Code Ann.  § 51.002(b).  Wells Fargo moves to

dismiss this claim on multiple grounds.

    "A breach of contract claim under Texas law requires proof of four elements: (1) the

existence of a valid contract, (2) plaintiff's performance of duties under the contract, (3)

defendant[s'] breach of the contract, and (4) damages to the plaintiff resulting from the

breach."  *Mesa v. Verizon Bus. Network Servs., Inc.*, 2012 WL 3452696, at *12 (N.D. Tex.

Aug. 14, 2012) (Fitzwater, C.J.) (citing *Palmer v. Espey Huston & Assocs.*, 84 S.W.3d 345,

353 (Tex. App. 2002, pet. denied)).  Thus where the plaintiff has failed to perform a duty

under the contract, such as the duty to pay his mortgage, he cannot maintain a breach of

contract action.  *See Enis v. Bank of Am., N.A.*, 2012 WL 4741073, at *3 (N.D. Tex. Oct. 3,

2012) (Fitzwater, C.J.) ("Under Texas law, 'a party to a contract who is himself in default

cannot maintain a suit for its breach.'" (quoting *RE/MAX of Tex., Inc. v. Katar Corp.*, 989

S.W.2d 363, 365 n.4 (Tex. 1999))).  May's second amended complaint does not explicitly

state that he is in default on his mortgage or has failed to make recent payments, but it

nonetheless permits the reasonable inference that May is in default.  The second amended

complaint alleges that May contacted Wells Fargo for a loan modification and that Wells

Fargo failed to provide him an opportunity to cure, both of which permit the reasonable

inference that he was in default.  Moreover, May's claims for unreasonable collection efforts

and violations of the TDCPA contest only the procedure by which Wells Fargo attempted to

collect a debt, not whether May was in fact past due on his payments.[1]  Because the second amended complaint permits the court to draw the reasonable inference that May defaulted on his mortgage, it dismisses his breach of contract claim.[2]

## B

The court next considers May's claim for anticipatory breach of contract.   Under Texas law, the elements of anticipatory breach of contract are: "(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party." *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (Texas law) (internal citation omitted).   A repudiation or anticipatory breach occurs when "a party's conduct shows a fixed intention to abandon, renounce, and refuse to perform the contract." *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 802 (Tex. App. 2011, no pet.) (internal quotation marks and citation omitted).   "The party committing an anticipatory breach must recognize its duties, but refuse to perform them." *Swim v. Bank of Am., N.A.*, 2012 WL 170758, at *4 (N.D. Tex. Jan. 20, 2012) (Lynn, J.) (citing *Preston v. Love*, 240 S.W.2d 486, 487 (Tex. Civ. App. 1951, no writ)).   Establishing absolute repudiation of an obligation requires "either words or actions by a party that indicate an intention not to perform the contract according to its terms." *Id.* (citing *Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115,

---

[1]Additionally, in responding to Wells Fargo's motion to dismiss, May does not deny that he is in default.

[2]Because the court is granting May leave to replead, if he is not in default, he will have the opportunity to allege this in his third amended complaint.

120 (Tex. App. 1984, no writ)).

May alleges that Wells Fargo repudiated its obligations under the deed of trust when it failed to offer an opportunity to cure and it failed to notify him of the scheduled foreclosure.[3] But his allegations that Wells Fargo failed to provide notice or an opportunity to cure are insufficient to allege that Wells Fargo absolutely repudiated the contract. *See King v. Wells Fargo Bank, N.A.*, 2012 WL 1205163, at *1-2 (N.D. Tex. Mar. 20, 2012) (Kaplan, J.) (holding that allegations that defendant failed to provide required notices of default and opportunity to cure did not sufficiently allege repudiation), *rec. adopted*, 2012 WL 1222659 (N.D. Tex. Apr. 11, 2012) (Lynn, J.), *aff'd*, 2013 U.S. App. LEXIS 8015 (5th Cir. Apr. 19, 2013) (per curiam); *Swim*, 2012 WL 170758, at *4 (holding that allegations that defendant refused to approve loan modification and attempted to foreclose without providing notice, as required by deed of trust, did not sufficiently allege repudiation). The court therefore dismisses May's claim for anticipatory breach of contract.

## C

Wells Fargo next moves to dismiss May's common law tort claim for unreasonable collection efforts. To sufficiently plead a claim for unreasonable collection efforts, May must allege facts that would amount to "a course of harassment that was willful, wanton,

---

[3]May's response brief argues that Wells Fargo also repudiated the deed of trust by failing to inform him of the state of his home preservation review and by requesting the same financial documents on multiple occasions. Although these allegations are not alleged in the second amended complaint, the court concludes that they do not state a claim because they do not plausibly constitute words or actions that indicate an intention not to perform the contract.

malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App. 2008, no pet.) (quoting *Montgomery Ward & Co. v. Brewer*, 416 S.W.2d 837, 844 (Tex. Civ. App. 1967, writ ref'd n.r.e.)).   *See also DeFranceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 205 (5th Cir. 2012) (holding that district court did not err in adopting standard set forth in *EMC Mortgage*), *aff'g DeFranceschi v. BAC Home Loans Servicing, LP*, 2011 WL 1456849 (N.D. Tex. Apr. 14, 2011) (Kinkeade, J.).   May argues that the following actions by Wells Fargo are unreasonable collection efforts under this standard: falsely stating that no foreclosure was scheduled; assessing late fees and penalties against his account; not providing an opportunity to reinstate, or warning of foreclosure; and violating state and federal law (as detailed in other claims).   These circumstances do not state a plausible claim that Wells Fargo engaged in unreasonable collection efforts.

"Texas courts generally reserve this tort for actual collection efforts, such as telephone calls or approaching the debtor, that overstep the bounds of routine collection methods through excessive harassment." *Islamic Ass'n of DeSoto, Tex., Inc. v. Mortg. Elec. Registration Sys., Inc.*, 2013 WL 169229, at *5 (N.D. Tex. Jan. 16, 2013) (Fitzwater, C.J.) (citing *EMC Mortg.*, 252 S.W.3d at 864-65 (lender accidentally foreclosed on plaintiffs' property and sent a "'very large, intimidating man'" who, "yelling and screaming, demanded the keys to the house, and told the [plaintiffs'] family to get out")); *Pioneer Fin. & Thrift Corp. v. Adams*, 426 S.W.2d 317, 319 (Tex. Civ. App. 1968, writ ref'd n.r.e.) (collection agency called plaintiff five times in one night and once threatened personal violence)).   The

facts alleged in the second amended complaint do not permit the court to reasonably infer that Wells Fargo engaged in "unreasonable collection efforts" under Texas law, and the court dismisses May's common law tort claim for unreasonable collection efforts.

D

The court next considers May's TDCPA claims.

1

May first alleges that Wells Fargo violated Tex. Fin. Code. Ann. § 392.304(a)(19)—which prohibits "using any . . . false representation or deceptive means to collect a debt"—by failing to provide him with an opportunity to reinstate, failing to notice foreclosure, and representing falsely that foreclosure had not been initiated.  Wells Fargo argues that May has failed to state a claim because the TDCPA requires an affirmative representation, and neither Wells Fargo's failure to provide an opportunity to reinstate nor its failure to provide notice of foreclosure amounts to an affirmative representation.  Wells Fargo also maintains that, although it allegedly made false affirmative representations regarding foreclosure, such statements are insufficient as a matter of law because foreclosure is not a means to collect a debt.

The court agrees that Wells Fargo's alleged failure to notice foreclosure and to provide an opportunity to reinstate cannot be the basis of a plausible TDCPA claim because neither is an affirmative representation. *See Narvaez v. Wilshire Credit Corp.*, 757 F.Supp.2d 621, 632 (N.D. Tex. 2010) (Lynn, J.) (holding that "[f]or a statement to constitute a misrepresentation under the TDC[P]A, Defendants must have made a false or misleading

assertion."); *Burr v. JPMorgan Chase Bank, N.A.*, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012) ("For a statement to constitute a misrepresentation under the TDC[P]A, the debt collector must have made an affirmative statement that was false or misleading." (quoting *Bellaish v. Chase Home Fin., LLC*, 2011 WL 4902958, at *2 (S.D. Tex. Oct. 14, 2011)); Tex. Fin. Code. Ann. § 392.304(a) (prohibiting "use [of] a fraudulent, deceptive, or misleading representation").

May has stated a plausible claim, however, based on the allegedly misleading statements about whether foreclosure was scheduled. As pleaded, these were affirmative representations, and foreclosure is a means of collecting a debt. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 732 (N.D. Tex. 2011) (Fitzwater, C.J.) (making "an *Erie*-guess that the TDCPA can apply to actions taken in foreclosing on real property").

2

May also alleges that Wells Fargo violated Tex. Fin. Code. Ann. § 392.301(a)(8), which prohibits "threatening to take an action prohibited by law" in order to collect a debt. Wells Fargo moves to dismiss on three theories: a violation of the TDCPA cannot render foreclosure unlawful for the purposes of § 392.301(a)(8); the deed of trust explicitly provides a right to nonjudicial foreclosure; and the TDCPA excepts from § 392.301(a) "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." § 392.301(b)(3). May responds by arguing that Wells Fargo's failure to notice foreclosure in compliance with Texas law made the scheduled foreclosure in this instance unlawful; he does not challenge whether nonjudicial foreclosure

is necessarily a violation of § 392.301(a)(8) or whether the deed of trust allows for nonjudicial foreclosure.

"Section 392.301(a)(8)'s prohibition on 'threatening to take an action prohibited by law' can be broken down into two elements: (1) a threat and (2) an action prohibited by law." *Brush v. Wells Fargo Bank, N.A.*, ___ F.Supp.2d ___, 2012 WL 5989204, at *21 (S.D. Tex. Nov. 29, 2012). Accordingly, even assuming *arguendo* that a failure to provide notice in accordance with Texas law makes a nonjudicial foreclosure an action prohibited by law for purposes of the TDCPA, to state a plausible claim, the plaintiff must allege that the defendant threatened to perform this unlawful act. *See Merryman v. JPMorgan Chase & Co.*, 2013 WL 497883, at *5 (N.D. Tex. Jan. 16, 2013) (Ramirez, J.) (dismissing § 392.301(a)(8) claim based on failure to provide notice of foreclosure where plaintiffs did not identify specific actions or statements that qualified as threats), *rec. adopted*, 2013 WL 500511 (N.D. Tex. Feb. 11, 2013) (Lynn, J.); *Willeford v. Wells Fargo Bank, N.A.*, 2012 WL 2864499, at *5-6 (N.D. Tex. July 12, 2012) (Boyle, J.) (same). The court therefore raises *sua sponte* that this claim must be dismissed because May has failed to allege that Wells Fargo *threatened*—as opposed to *scheduled*—an unlawful nonjudicial foreclosure.[4] Indeed, because May maintains that he discovered the scheduled foreclosure, the existence of which was unknown to him,

---

[4]Because the court is allowing May to replead, this procedure is fair and therefore permissible. *See, e.g., Biggers*, 767 F.Supp.2d at 733-34 n.7 (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting plaintiffs leave to replead).

- 10 -

the only plausible inference from the second amended complaint is that Wells Fargo did *not* threaten unlawful foreclosure.

The court therefore dismisses May's § 392.301(a)(8) claim.

E

Finally, Wells Fargo moves to dismiss May's negligent misrepresentation claim. May alleges that Wells Fargo told him there were no scheduled foreclosure proceedings, that he should disregard important correspondence concerning the mortgage, and that it had postponed foreclosure while considering loan modification. May also asserts that Wells Fargo "failed to use reasonable care in communicating the status of [his] loan modification." 2d Am. Compl. ¶ 30.

The court dismisses May's negligent misrepresentation claim because "Texas courts consistently have prohibited tort claims if the parties' relationship and attendant duties arise from a contract." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F.Supp.2d 616, 625 (N.D. Tex. 2011) (Means, J.) (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991)). Here, "'any rights or obligations of the parties stemmed from the Deed of Trust' and thus any damages 'arise directly from the alleged breach of this contractual relationship.'" *Enis*, 2012 WL 4741073, at *7 (quoting *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155, at *6 (N.D. Tex. Feb. 21, 2012) (Boyle, J.) (dismissing negligent misrepresentation claim between lender and borrower)).

F

Although the court is dismissing several of May's claims, it will permit him to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks and citation omitted). Because May has not stated that he cannot, or is unwilling to, cure the defects that the court has identified, the court grants him 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

IV

The court now addresses Wells Fargo's motion to designate responsible third parties pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West Supp. 2012).[5]

Under § 33.004(f) and (g),

> the court must grant leave to designate responsible third parties
> unless another party timely objects and establishes (1) that the
> defendant did not plead sufficient facts concerning the alleged
> responsibility of the person to satisfy the pleading requirements,
> and (2) that, having been granted leave to replead, the defendant

---

[5]This court has applied § 33.004 in diversity cases, and it has said that "it will continue to do so until persuaded that the statute does not apply." *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.). Seeing no reason to reexamine in this case whether § 33.004 should be given full effect, the court will apply it.

> fails to plead sufficient facts concerning the alleged
> responsibility of the person to satisfy the pleading requirements.

*Reneker v. Offill*, 2011 WL 3583170, at *2 (N.D. Tex. Aug. 12, 2011) (Fitzwater, C.J.);

*Estate of Dumas v. Walgreens Co.*, 2006 WL 3635426, at *1 (N.D. Tex. Dec. 6, 2006)

(Fitzwater, J.).   Wells Fargo has not pleaded sufficient facts to designate Leticia May

("Leticia") as a responsible third party.   Wells Fargo alleges that Leticia, May's former

spouse, resides in the residence and is a co-borrower on the loan.   It also asserts that she is

responsible for any damages that May incurred because Wells Fargo communicated with her

regarding the loan and, as a resident of the Property, she would have received the notices

mailed to the residence regarding foreclosure.   May objects and argues that Leticia is not a

responsible third party because she was not involved in any of the conduct that May alleges

caused him harm.

   Although May's position primarily reads as a *factual* challenge that would not defeat

a motion to designate a responsible third party, underlying May's argument is an objection

that Leticia is not alleged to be *legally* responsible for any damages that May incurred.

Section 33.004 references Texas pleading standards, which require "a short statement of the

cause of action," and Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6) (West 2008) defines

"responsible third party" as a party who has caused harm by violating some applicable legal

standard.   Leticia's alleged actions do not make her legally responsible for any damages that

May incurred.   Accordingly, the court denies Wells Fargo's motion to designate Leticia as

a responsible third party.

*   *   *

For the reasons explained, Wells Fargo's motion to dismiss is granted in part and denied in part, and its motion to designate a responsible third party is denied.

**SO ORDERED.**

June 17, 2013.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 14 -